T.C. Summary Opinion 2009-122


UNITED STATES TAX COURT


JANET S. SMILEY, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 8049-08S.                    Filed August 4, 2009.


Janet S. Smiley, pro se.

<u>Matthew A. Mendizabal</u>, for respondent.


GERBER, <u>Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect when the petition was filed.[1]  Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

this opinion shall not be treated as precedent for any other case.

Respondent determined a $5,400 income tax deficiency for petitioner's 2005 tax year and a section 6662(a) penalty of $1,080. The income tax deficiency was based on petitioner's failure to report two items of income. Petitioner now agrees that the items should have been reported, but she contends that her actions were reasonable and that no section 6662(a) penalty should apply to the portion of the underpayment attributable to either income adjustment. That penalty is the only issue remaining for the Court's consideration.

## Background

Petitioner resided in California at the time her petition was filed. She was employed before 2005 as a legal assistant and performed both clerical and paralegal work. Although petitioner was licensed to practice law, she never practiced. Petitioner had no background in tax law and did little or no legal research in performing her employment duties. Before 2005 petitioner became severely depressed and was unable to continue working. At the onset of her depression petitioner took several prescription medicines for her condition. The medication coupled with her condition affected her judgment and thought processes throughout the period under consideration.

Before 2005 petitioner applied for State of California disability benefits and private group disability benefits from her employer's health plan. She was granted benefits from both the State and her employer's plan. For income tax purposes petitioner reported only her employer's plan benefits because it was her understanding that, unlike the private benefits, Government disability benefits were not taxable.

During 2005 petitioner applied for Social Security Administration (SSA) disability benefits. She maintained correspondence with the SSA in a separate folder. Petitioner maintained other folders, including a folder for information and documents that she used in preparing her income tax return. During 2005 petitioner received notice that she had been awarded Social Security benefits. She filed that notification in the Social Security folder.

During 2005 petitioner was paid $19,021 in Social Security benefits, including retroactive 2004 benefits and 2005 benefits. She also received a Form SSA-1099, Social Security Benefit Statement, from the SSA, which she placed in her Social Security folder. The Form SSA-1099 contains several statements indicating that a portion of Social Security benefits may be taxable. Petitioner did not report any of the Social Security disability benefits because of her understanding and belief that Federal benefits for disability, like her State benefit, were not

taxable. Petitioner reported her private disability benefits for 2005, but she did not report either the State or Federal disability benefits received in that year.

For 2005 petitioner received a "1099 Consolidated Tax Statement" (1099 statement) from her stockbroker. The document consisted of eight pages and contained petitioner's income tax information, including interest, tax-exempt municipal interest, ordinary dividends, qualifying dividends, stock transactions, and related materials. The face or first page of the statement listed amounts for ordinary dividends, qualified dividends, investment expenses, and interest income. Interest income of $3,908.68 was listed. The line showing the interest income contained the following explanation: "INTEREST INCOME NOT INCLUDED IN IRS BOX 3". On that same page were three places that were labeled "BOX 3". They were denominated "NONTAXABLE DISTRIBUTIONS"; "INTEREST INCOME ON U.S. TREASURY OBLIGATIONS"; and "OTHER INCOME."

Petitioner found the "INTEREST INCOME NOT INCLUDED IN IRS BOX 3" language to be ambiguous and confusing, and she interpreted it to mean that her interest income was not taxable. Petitioner, however, did extract information from other parts of the 1099 statement, including tax-exempt municipal interest, which she reported on the correct part of her Form 1040, U.S. Individual Income Tax Return. The fifth page of the 1099

statement made clear that the $3,908.68 in interest had been received on petitioner's behalf from various corporate securities.

Respondent's computer matching capability revealed that petitioner had not reported the Social Security disability benefits and interest income, and she was notified by mail. Shortly after petitioner received the notification from respondent, she filed an amended 2005 income tax return, along with payment, that reported the $3,908.68 of interest income and the 2005 portion of her Social Security benefits. Petitioner's failure to report the 2004 Social Security benefits was based on her lack of understanding about tax accounting principles and, more specifically, on the fact that she was a cash basis taxpayer.

## Discussion[2]

Petitioner has conceded that the interest income and Social Security benefits are taxable. She contends, however, that her failure to report these amounts was reasonable and that the section 6662(a) penalty should not apply to her underpayment.

Section 6662(a) and (b)(1) and (2) provides that a taxpayer is liable for a 20-percent accuracy-related penalty on any

---

[2]The parties did not raise any question about the burden of proof or sec. 7491. Under that statute, respondent bears a burden of production with respect to the accuracy-related penalties determined under sec. 6662(a). See sec. 7491(c).

portion of an underpayment of tax required to be shown on a return attributable to, inter alia, (1) negligence or disregard of the rules or regulations or (2) a substantial understatement of income tax.  Negligence is defined as any failure to make a reasonable attempt to comply with the provisions of the Internal Revenue Code, and the term "disregard" includes any careless, reckless, or intentional disregard.  Sec. 6662(c).  Section 6664(c)(1) provides that the penalty under section 6662(a) shall not apply to any portion of an underpayment if it is shown that there was reasonable cause for the taxpayer's position with respect to that portion and that the taxpayer acted in good faith with respect to that portion.  Higbee v. Commissioner, 116 T.C. 438, 448 (2001).  The determination of whether a taxpayer acted with reasonable cause and in good faith within the meaning of section 6664(c)(1) is made on a case-by-case basis, taking into account all the pertinent facts and circumstances.  Id.; sec. 1.6664-4(b)(1), Income Tax Regs.  The most important factor is the extent of the taxpayer's effort to assess her proper tax liability for the year.  Sec. 1.6664-4(b)(1), Income Tax Regs. "Circumstances that may indicate reasonable cause and good faith include * * * the experience, knowledge, and education of the taxpayer."  Id.

We consider the two adjustments separately concerning whether the accuracy-related penalty applies to the resulting underpayment caused by each.

With respect to petitioner's failure to report $3,908.68 of interest income, her explanation is that the language preceding the amount shown on the 1099 statement was "ambiguous". We are unable to find that petitioner's explanation is reasonable under the circumstances. Petitioner, who prepared her own return, sorted through this 1099 statement to find various amounts of income, both taxable and tax exempt, and she placed the amounts on various parts of her income tax return. Petitioner's interpretation of the phrase "INTEREST INCOME NOT INCLUDED IN IRS BOX 3" as meaning that the interest income was not reportable or taxable is more wishful thinking than anything else. Moreover, we are unconvinced that the face of the 1099 statement was ambiguous. Accordingly, and considering all of the circumstances, we hold that petitioner's failure to report the interest income was not reasonable, and petitioner is subject to the section 6662(a) penalty on the resulting underpayment.

With respect to petitioner's failure to report $19,021 of disability benefits, her explanation is that it was her understanding and belief that, like State disability payments, Federal disability payments were not subject to the income tax. We are cognizant of the fact that before 2005 petitioner had

received disability payments and correctly reported them; i.e., payments from employer's health plan as taxable and payments from the State of California as not taxable. In addition, petitioner was being treated by a doctor for a serious mental condition and was taking various medicines that affected her judgment and thinking processes. She was involved in pursuing disability claims with three different sources and had received various correspondence from each, including the SSA. It is clear that she believed the disability payments from the SSA were not taxable. She filed correspondence and documents from the SSA in a special folder on that subject, and she did not include any of those documents in her separately maintained folder for tax-related documents.

When her failure to report was brought to her attention by respondent, petitioner promptly filed an amended return including interest and benefits, along with payment of the additional tax. We note that petitioner did not understand tax accounting principles; and in spite of the fact that respondent had determined that she failed to report the $19,021, petitioner included only the payments for 2005 on her amended return, although all of the $19,021 had been received during 2005. Petitioner's testimony, actions, and the circumstances of this case are persuasive and reflect that she made a reasonable and good faith attempt to report her tax liability as it related to

her disability payments.  Accordingly, we hold that petitioner is not liable for a section 6662(a) penalty on the underpayment caused by her failure to report Social Security benefits.

To reflect the foregoing,

<u>Decision will be entered under Rule 155</u>.